**HUA HUI YE, Petitioner,**

v.

**Eric H. HOLDER Jr.,[1] United States Attorney General, Respondent.**

**No. 08–4277–ag.**

United States Court of Appeals, Second Circuit.

July 23, 2009.

Jeannien Quijije, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Trish Maskew, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Hua Hui Ye, a native and citizen of China, seeks review of a July 31, 2008 order of the BIA affirming the June 22, 2006 decision of Immigration Judge ("IJ") Thomas A. Mulligan denying his application for asylum and withholding of removal.[2] *In re Hua Hui Ye*, No. A 200 038 247 (B.I.A. July 31, 2008), *aff'g* No. A 200 038 247 (Immig. Ct. N.Y. City June 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. As an initial matter, in his brief, Ye does not challenge the IJ's finding that there was a discrepancy between his testimony and the documentary evidence that he submitted regarding his wife's alleged second IUD insertion in September 2005.[3] Indeed, the IJ found that while Ye testified that his wife had a second IUD inserted in September 2005, this information was omitted from letters that he submitted from his wife and sister. Because Ye has waived any challenge to that finding, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), it stands as a valid basis for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir.2008).

With respect to the findings that Ye does challenge, each was proper. The IJ properly found that: (1) while Ye testified that the cadres searched for him and his wife at his uncle's and brother-in-law's homes, he omitted this information from his asylum application; (2) Ye's assertion that the cadres discovered him and his wife while they were hiding one hour away from their home was implausible; and (3) Ye's demeanor while testifying undermined his credibility. While Ye offered explanations before the agency that were responsive to each of these findings, the agency did not err in rejecting them. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d

---

2. Although Ye's application indicates that he initially requested CAT relief, during two subsequent hearings before the IJ, Ye's counsel informed the IJ that he waived his previous request for such relief.

3. Ye misconstrues this finding as a finding that he failed to establish his burden of proof, and argues that he was not required to corroborate his testimony because his persecution claim was based on his wife's forced abortion.

Cir.2005). We are similarly unpersuaded by the arguments Ye makes in this Court.

Ultimately, viewed in its totality, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, the IJ properly denied Ye's application for asylum and withholding of removal because the only evidence that he would be persecuted depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).